IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SCANNED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-038S |
| | ) | |
| JOHN CHOINIERE | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, and objects to Defendant's Motion for a Downward Departure for reasons stated in the attached Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

KENNETH P. MADDEN
Assistant U.S. Attorney
RI Bar 1680

CERTIFICATION OF SERVICE

I hereby certify that on this 5th day of August, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Objection to the Defendant's Motion for a Downward, along with its accompanying Memorandum, to the following:

Edward C. Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

United States Probation Office
John O. Pastore Federal Building
Two Exchange Terrace
Providence, RI 02903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-038S |
| | ) | |
| JOHN CHOINIERE | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS**
**OBJECTION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Introduction

Defendant John Choiniere (Choiniere or defendant) has moved for a downward departure from his Sentencing Guidelines range. Choiniere argues that his criminal history category significantly over-represents the seriousness of his criminal history. Choiniere suggests that the Court depart to a sentencing range of 46-57 months imprisonment, essentially a departure to Criminal History Category III which normally applies to a defendant accumulating between four and six criminal history points.

The presentence investigation report (PSR) sets Choiniere's Base Offense Level at 20, with two 2-level increases for a financial institution and a death threat. With a 3-level decrease for acceptance of responsibility, the Total Offense Level is 21. Choiniere has fourteen Criminal History points, qualifying him as a Criminal History Category VI (13 or more points). The PSR sets his imprisonment guideline range at 77-96 months.

Downward Departures

In light of United States v. Booker,125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. Compliance with Booker necessitates that guidelines calculations be prepared by the U. S. Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted. As was the case previous to the Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d 77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of

potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137, 111 S.Ct. 2182, 2186 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996); United States v. Dethlefs, 123 F.3d 39 (1st Cir. 1997).

Over-representation of Criminal History

Over-representation of a criminal history is an encouraged ground for a downward departure. United States v. Mangos, 134 F. 3d 460 (1st Cir. 1998). The Court may consider a downward departure where the Court concludes that "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b). The guideline commentary provides, as an example, that a downward departure may be warranted in the case of a defendant with only two minor misdemeanor convictions close to ten years prior to the

instant offense and no other evidence of prior criminal behavior in the intervening period. USSG § 4A1.3 comment. n.3.

In the instant case, Choiniere's criminal history is not over-represented. Choiniere was born in 1979. At the time he committed the instant offense, he had just turned age 26. In a little over eight years as an adult, he was arrested 23 times by law enforcement officers (PSR ¶¶ 30-49, 52-54). As a seventeen year old juvenile, he was arrested five times (PSR ¶¶ 25-29). He has averaged more than one arrest for every single year of his life.

Of the five juvenile arrests, all resulted in "Wayward" dispositions. Of the 23 adult arrests, 20 arrests resulted in convictions.

Defense counsel correctly points out that only one adult conviction constitutes a felony offense. Counsel also describes two shoplifting offenses as minor. However, the government directs this Court's attention to the following facts present in the PSR.

1) Of the 20 adult convictions, fourteen of those offenses were committed while the defendant was on probation for a previous criminal offense or offenses.

2) Of the 20 adult convictions, four involved the theft of another's property; three involved the destruction of another's property; and three involved assaults upon others.

3) Of the 20 adult convictions, three were not assigned criminal history points.

4) Of the ten motor vehicle offense convictions, only one (PSR ¶ 45) was

assigned countable criminal history points. The remaining nine were either assigned no criminal history points, or the criminal history points assigned to them were not counted pursuant to USSG § 4A1.1(c).

5) A total of three criminal history points for a larceny conviction (PSR ¶ 43) and two assault convictions (PSR ¶¶ 41 and 46) were not counted pursuant to USSG § 4A1.1(c).

6) Eighteen warrants, most for failure to appear at hearings, have been issued for the defendant.

7) For his 20 adult convictions, the defendant has been sentenced to terms of imprisonment totaling 17 months and 14 days (several sentences being imposed concurrently) and 120 days home confinement.

The government contends that the above analysis shows that Choiniere has been treated very leniently by the judicial system. If there is any extraordinary factor present here, it is found in Choiniere's temerity to seek a downward departure. This departure ground should be rejected.

Conclusion

For the above reasons, the motion for downward departure should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

KENNETH P. MADDEN
First Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 5th day of August, 2005, I mailed a true copy of the Within Government's Memorandum In Support Of Its Objection To Defendant's Motion For Downward Departure, ordinary mail and postage prepaid, to:
Edward C. Roy, Esq.
Assistant Federal Defender
Office of the Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903